UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID T., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    1:17-cv-00408-JAW |
| | ) |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) |
| | ) |
|     Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

**The Administrative Findings**

The Commissioner's final decision is the June 28, 2017, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 9-2.)[1] The ALJ's decision tracks the familiar five-step

---

[1] Because the Appeals Council found no reason to review that decision (Notice of Appeals Council Action, R. 1, ECF No. 9-2), the Acting Commissioner's final decision is the ALJ Decision. This Court affirmed a final decision on Plaintiff's prior application for SSI benefits, finding no error in Defendant's findings that Plaintiff

sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe impairments consisting of degenerative disk disease of the lumbar and cervical spine; status post skin graft surgery of the hands for third-degree burns experienced in a house fire in 1991; chronic obstructive pulmonary disease (similarly related to the fire and a severe inhalation injury, but also aggravated by Plaintiff's smoking habit); personality disorder; and depressive disorder. (ALJ Decision ¶¶ 2, R. 12 – 14.) The ALJ further found that Plaintiff has the residual functional capacity (RFC) to perform light exertion, simple, unskilled work; to frequently use foot controls; to occasionally balance, stoop, crouch, and kneel; to frequently rotate, extend, and flex his neck; to frequently handle, finger, and feel; and to occasionally interact with co-workers and supervisors. (*Id.* ¶ 4, R. 15.) The ALJ, however, found that Plaintiff cannot crawl; tolerate exposure to extreme cold, extreme heat, wetness, humidity, excessive vibration, and concentrated airborne irritants; or tolerate interaction with the public. (*Id.*)

Given the stated RFC, Plaintiff's vocational background, and the testimony of a vocational expert, the ALJ concluded that jobs exist in the national economy that Plaintiff can perform, including the representative occupations of laundry folder (DOT#369.687-018), flagger (#372.667-022), and sorter (#529.687-186). (*Id.* ¶ 9, R. 21.) The ALJ determined that Plaintiff has not been under a disability since April 30, 2015, the date Plaintiff filed his

---

had only mild limitation in intellectual functioning and no limitation in the use of his hands. *Tuttle v. Colvin*, No. 1:15-cv-00236-JAW, 2016 WL 2610629 (D. Me. Apr. 4, 2016), *rec. dec. adopted*, 2016 WL 2350106 (May 4, 2016).

application for SSI benefits. (*Id.* ¶ 10, R. 22.)

## Standard of Review

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## Discussion

Plaintiff argues that in his assessment of Plaintiff's RFC, the ALJ (1) erroneously weighed the available expert opinion evidence and (2) erroneously evaluated Plaintiff's testimony.

The ALJ placed great weight on the RFC opinion provided by Jose Gonzalez-Mendez, M.D. (Ex. C6A, ECF No. 9-3), who reviewed the medical evidence of record on behalf of Disability Determination Services, on March 15, 2016. (R. 19.) The ALJ characterized Dr. Gonzalez-Mendez's opinion as consistent with the objective medical evidence and reliable because Dr. Gonzalez-Mendez reviewed all of the medical evidence and was familiar with the applicable disability standard. (*Id.*) The ALJ, however, did not adopt Dr. Gonzalez-

application for SSI benefits. (*Id.* ¶ 10, R. 22.)

## Standard of Review

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## Discussion

Plaintiff argues that in his assessment of Plaintiff's RFC, the ALJ (1) erroneously weighed the available expert opinion evidence and (2) erroneously evaluated Plaintiff's testimony.

The ALJ placed great weight on the RFC opinion provided by Jose Gonzalez-Mendez, M.D. (Ex. C6A, ECF No. 9-3), who reviewed the medical evidence of record on behalf of Disability Determination Services, on March 15, 2016. (R. 19.) The ALJ characterized Dr. Gonzalez-Mendez's opinion as consistent with the objective medical evidence and reliable because Dr. Gonzalez-Mendez reviewed all of the medical evidence and was familiar with the applicable disability standard. (*Id.*) The ALJ, however, did not adopt Dr. Gonzalez-

Mendez's finding that Plaintiff's ability to stand/walk and to sit are each limited to 6 hours in a workday. The ALJ also assessed some greater limitations than Dr. Gonzalez-Mendez identified – specifically, the preclusion of work in extreme temperatures, wetness, humidity and with excessive vibration.

The ALJ gave partial weight to the opinion of David Axelman, M.D., who did not assess Plaintiff's RFC, but based on two physical examinations, one in January 2014 (Ex. C4F) and the other in September 2015 (Ex. C9F), determined Plaintiff's ability to sit, stand, and walk is compromised, though he did not provide a metric by which to measure Plaintiff's capacity. Notably, Dr. Axelman found that although Plaintiff's hands work adequately, he believed Plaintiff could not handle objects for long periods of time. (Ex. C4F, R. 356 – 57; Ex. C9F, R. 446, ECF No. 9-7.)

The ALJ assigned little weight to the RFC assessment offered by Plaintiff's care provider, Loraine Paradis, D.O. (Ex. C12F, ECF No. 9-7.) Dr. Paradis determined that Plaintiff rarely could handle 15 pounds, and never 20 or more; cannot walk one city block without rest or severe pain; can sit for less than 1 hour and stand and walk for less than 1 hour in a workday; and would require 3 – 4 unscheduled breaks of 20 – 30 minutes duration during the typical workday. (*Id.*) Dr. Paradis also opined that Plaintiff could not handle objects or perform fine manipulations with his hands and fingers for more than 10 percent of the workday, and could not push and pull arm controls for 6 hours or more. (*Id.*)

Plaintiff argues the opinion of the treating source, Dr. Paradis, should have received controlling weight, and that the ALJ improperly gave great weight to the opinion of a non-examining consultant, Dr. Gonzalez-Mendez. Plaintiff argues that the ALJ did not offer valid

4

reasons for his decision not to give controlling weight to Dr. Paradis' opinion. Plaintiff also contends that Dr. Gonzalez-Mendez's opinion cannot constitute substantial weight to support the ALJ's RFC finding because Dr. Gonzalez-Mendez merely endorsed the opinion of a non-medical reviewer (see Ex. C4A).[2] (Statement of Errors at 5 – 9.)

According to the applicable regulations, the Social Security Administration ordinarily will "give more weight" to opinions provided by treating sources than to opinions offered by non-treating sources. 20 C.F.R. § 404.1527(c)(2). In particular, "controlling weight" is given to "a treating source's medical opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s)" if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." *Id.* In addition, with respect to any expert opinion, "the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion." *Id*. § 404.1527(c)(4). "Other factors" include "the extent to which a medical source is familiar with the other information in [the claimant's] case record." *Id*. § 404.1527(c)(6).

Where the treating source's RFC opinion has been rejected by the ALJ for "good reasons," the RFC opinion of a non-examining agency expert who has reviewed the material evidence contained in the medical record can constitute substantial evidence of a claimant's

---

[2] Plaintiff cites *Berrios Lopez v. Secretary of Health & Human Services*, 951 F.2d 427, 431 (1st Cir.1991) (per curiam), for the proposition that reports from nonexamining sources that "contain little more than brief conclusory statements ... are entitled to relatively little weight"). In *Berrios*, the First Circuit gave substantial evidentiary weight to the opinion of a non-examining expert where the expert "at least briefly mention[ed] all of claimant's alleged impairments and state[d] medical conclusions as to each[,]" suggesting that he "did review the medical file with some care[,]" had most, if not all, of the medical evidence available for review, and rendered an opinion consistent with that of another non-examining consultant. *Id.*

5

RFC. *Pressey v. Berryhill*, No. 2:16-cv-00425-JDL, 2017 WL 2731308, at *3 (D. Me. June 25, 2017), *rec. dec. adopted*, 2017 WL 3711558 (Aug. 28, 2017).

When the ALJ gave "limited weight" to Dr. Paradis's opinion, he explained that Dr. Paradis' opinion was not persuasive given Plaintiff's ability to perform some jobs for others, the limited number of times Plaintiff sought treatment with Dr. Paradis, Dr. Paradis's failure to refer Plaintiff to specialists, and unspecified physical examination findings found in Dr. Paradis's reports. (R. 19.) The ALJ gave the opinion of Dr. Axelman, M.D., who examined Plaintiff, "partial weight" because Dr. Axelman found Plaintiff could handle the kind of weights required of light exertion work, but the ALJ did not otherwise credit Dr. Axelman's findings. The ALJ found at least some of Dr. Axelman's opinion to be "vague." (R. 19.)

The ALJ's assessment of the medical evidence generates some legitimate concerns. The ALJ gave little weight to Dr. Paradis' opinion in part because Plaintiff did not seek her services frequently enough. The record reflects that despite transportation and financial challenges (R. 39 – 40), Plaintiff attended a significant number of office visits with Dr. Paradis. The ALJ did not discuss or acknowledge Plaintiff's transportation challenges. The ALJ also cited the "lack of referrals to specialists" as a reason to discount Dr. Paradis' opinion. The ALJ, however, did not identify the referrals that were lacking and the reason the referrals were necessary. The record also reflects, contrary to the ALJ's reference to the "lack of referrals to specialists" (R. 19), Dr. Paradis made a referral to another provider to address Plainitff's hip pain in 2011 (Ex. 18F, R. 578, ECF No. 9-8), and a referral for spirometry. (Ex. C5F, R. 385, ECF No. 9-7.) The ALJ also appears to have concluded that the 2013 spirometry results were normal and would not support the imposition of significant limitations

(beyond a limitation to light exertion), based on his lay reading of a spirometry test report. (R. 17, citing C5F:27 – 28, R. 385 – 86.) The report lacks any information under the "interpretation" heading, and Dr. Gonzalez-Mendez did not comment on the report as part of his assessment. The record thus lacks any expert evidence to support the rejection of Dr. Paradis' opinion regarding the severity of Plaintiff's COPD.

The ALJ's reliance on the opinion of Dr. Gonzalez-Mendez instead of the treating source is also problematic. The starting point for Dr. Gonzalez-Mendez's assessment was evidently the RFC determination of a single decision-maker, which determination he "affirmed" after noting the absence of "new allegations or alleged worsening of symptoms." (Ex. C6A, R. 128.) The conclusion suggests that Dr. Gonzalez-Mendez accepted the initial determination by a non-medical decision-maker, and assessed whether there had been any changes since the determination that would require a different result, rather than assess the medical record and make an independent RFC finding. This approach is concerning given that, as the ALJ noted (R. 20), the opinion of a single decision-maker is not an opinion an ALJ can consider, and given that Dr. Gonzalez-Mendez evidently did not consider certain aspects of Plaintiff's condition. For instance, although an objective review of the record reveals that Plaintiff is limited in his ability to work in temperature extremes, Dr. Gonzalez-Mendez did not appear to acknowledge or address that limitation.[3]

---

[3] The fact that a non-examining consulting physician issues a reconsideration assessment that agrees in all respects with the initial assessment of a single decision-maker is not in all cases a reason to question the ALJ's reliance on the opinion of the non-examinig consultant. Under the facts of this case, however, Dr. Gonzalez-Mendez's reference to his assessment of any changes after the initial assessment and his "affirmance" of the intitial assessment suggest that he did not independently assess all of the relevant medical evidence (e.g., medical records before the initial assessment) and independently assess Plaintiff's RFC. This concern is enhanced by Dr. Gonzalez-Mendez's failure to identify an environmental limitation that is essentially compelled by an objective review of the record (i.e., limitation on Plaintiff's ability to work in temperature

In sum, given the issues regarding the ALJ's stated reasons to reject the opinion of Dr. Paradis, and the questions regarding certain significant aspects of Dr. Gonzalez-Mendez's opinion,[4] further assessment of Plaintiff's RFC is warranted.[5]

**CONCLUSION**

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

Dated this 23rd day of August, 2018.

/s/ John C. Nivison
U.S. Magistrate Judge

---

extremes).

[4] While the ALJ's rejection of the opinion of a treating source (Dr. Paradis) and reliance on the opinion of Dr. Gonzalez-Mendez are concerning, the ALJ's failure to include in Plaintiff's RFC a walk/stand and sit limitation when both Dr. Paradis and Dr. Gonzalez-Mendez provided for such a limitation, and where Dr. Axelman supported such a limitation, is also of concern.

[5] Plaintiff also argues that the ALJ improperly evaluated his testimony regarding his symptoms. The ALJ is permitted to assess whether a claimaint's testimony is consistent with the medical evidence. Because the remand of the matter could generate additional medical evidence and will require the ALJ to reassess Plaintiff's RFC, there is no reason to assess at this stage whether the ALJ properly assessed Plaintiff's testimony.